IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES LOHNES,** | ) |
| | ) |
|        **Plaintiff,** | ) |
| | ) |
| vs. | )   Case No.   12-cv-946-MJR-SCW |
| | ) |
| **JAMES FENOGLIO** | ) |
| | ) |
|        **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**WILLIAMS, Magistrate Judge:**

Before the Court is a Motion to File First Amended Complaint (Doc. 38) and a Revised Motion to File First Amended Complaint (Doc. 42) which seeks to add a claim against Phil Martin, Health Care Administrator of Lawrence Correctional Center for deliberate indifference. Plaintiff alleges that Martin was present during Plaintiff's meetings with Defendant Fenoglio and participated in diagnosing Plaintiff and promising to address Plaintiff's complains of pain. Plaintiff further alleges that Martin failed to investigate Plaintiff's complaints of headaches and side-effects from consuming ibuprofen and thus was deliberately indifferent to Plaintiff's medical needs. No response has been filed.

Pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 15(a)(1)** "[a] party may amend its pleading once as a matter of course" before a response pleading is served. The Court notes, however, that Defendant Fenoglio has filed an Answer to his original Complaint (Doc. 33). Plaintiff must now seek to further amend his Complaint pursuant to Rule 15(a)(2) which allows a party to "amend its pleading only with the opposing party's written consent or the court's leave." The Court

notes that Rule 15(a)(2) further states that amendments should be freely granted "when justice so requires." There is no indication that Defendant has consented to the amendment, although Defendant Fenoglio has not responded to Plaintiff's motion, so the Court would have to grant Plaintiff leave before he may file his Amended Complaint.

The decision to grant a plaintiff leave to further amend a Complaint under Rule 15(a)(2) is within the sound discretion of the Court. *Pugh v. Tribune Co.*, **521 F.3d 686, 698 (7th Cir. 2008);** *Orix Credit Alliance v. Taylor Mach. Works*, **125 F.3d 468, 480 (7th Cir. 1997).** However, leave to amend may be denied for several reasons including: "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., [and the] futility of the amendment." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Com'n,* 388 F.3d 682, 687 (7th Cir. 2004); *Guide v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004); *Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir. 1985) (court should consider prejudice to non-moving party); *Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2s 222 (1962); *Orix Credit Alliance*, **125 F.3d at 480.** A court may also deny leave to amend if the proposed amendment would be futile, meaning that it would not survive a motion to dismiss. *See Soltys v. Costello*, **520 F.3d 737, 743 (7th Cir. 2008);** *Crestview Village Apts. v. U.S. Dep't Of Housing & Urban Dev.*, **383 F.3d 552, 558 (7th Cir. 2004);** *Barry Aviation Inc.*, **377 F.3d at 687 and n. 3 (collecting cases).** Further, if a plaintiff seeks to add entirely new claims or parties, then the new claims must be related in some way to the claims currently in the case. *See* **FED.R.CIV.P. 20 ("All persons...may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the**

**action.").** As Plaintiff's Amended Complaint seeks to add additional claims and parties, it is also subject to screening under 28 U.S.C. § 1915A which requires the Court to identify and dismiss any legally insufficient claim. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." **28 U.S.C. § 1915A.**

Here, upon reviewing Plaintiff's filings and proposed Amended Complaint, the Court finds that he has stated an adequate claim against Defendant Phil Martin. Thus, the Court **GRANTS** Plaintiff's motions to amend (Docs. 38 and 42). Plaintiff has up to and including **February 5, 2013** in which to file his Amended Complaint.

Once the Amended Complaint has been entered, the Clerk of Court shall prepare: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the amended complaint, and this Memorandum and Order to Defendant Martin's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Martin can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant Martin is **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

.

**IT IS SO ORDERED**.

DATED: January 30, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge
